**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Victoriano GARCIA–GONZALEZ,
Defendant-Appellant.**

**No. 82–2474**

**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

March 28, 1983.

Roland E. Dahlin, II, Federal Public Defender, George McCall Secrest, Jr., Thomas S. Berg, Gustavo L. Acevedo, Asst. Federal Public Defenders, Houston, Tex., for defendant-appellant.

James R. Gough, Asst. U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before GEE, RANDALL and TATE, Circuit Judges.

TATE, Circuit Judge:

The defendant Garcia was convicted of possession of marijuana with intent to distribute, 21 U.S.C. § 841(a)(1). The sole contention on appeal is that the district court erroneously overruled his motion to sup-

---

press the marijuana as unlawfully seized. We affirm.

The marijuana was found in the trunk of a vehicle occupied by Garcia. The vehicle had been stopped by a Border Patrol agent at a permanent checkpoint maintained by the Border Patrol seven miles south of Falfurrias, Texas on U.S. Highway 281. The marijuana was discovered when the agent opened the trunk in the event aliens were hidden therein, as was sometimes the case.

The sole contention raised by Garcia on his appeal is that the stop was unlawful because the evidence was not sufficient to support a finding that the Border Patrol checkpoint was the functional equivalent of the border.

The evidence shows that the checkpoint was permanent in nature, with a trailer utilized as an office and for the detention of prisoners. The identical checkpoint seven miles south of Falfurrias, was recognized as a functional equivalent of the border [1] by us in *United States v. Salinas,* 611 F.2d 128 (5th Cir.1980). There, the district court had taken judicial notice of the location, justification, and other physical aspects of the checkpoint, based upon its prior determinations in two other previous prosecutions.

In our affirming the district court's action in *Salinas* we stated:

> It is not required that the underlying facts concerning a particular checkpoint location be proved over and over again in each case arising out of the same checkpoint location, so long as such facts remain unchanged.

611 F.2d at 130. *See also United States v. Dreyfus-de Campos,* 698 F.2d 227, 229 (5th Cir.1983). *Cf., United States v. Singleterry,* 646 F.2d 1014, 1016 (5th Cir.1981) (referring to the "permanent checkpoint seven miles south of Falfurrias, Texas").

Garcia urges that the evidence did not justify the district court's judicial notice of the Falfurrias checkpoint being the functional equivalent of the border, since the surrounding facts may have changed in a material or substantial way in the period following the initial judicial determinations to that effect. Garcia's counsel thus argues that the government should have affirmatively established that no new conditions had occurred that would derogate from the checkpoint's continuing to be the functional equivalent of the border. While we think that the district court's interrogation of the agent at the trial could reasonably be interpreted to negative such change, we also note that no evidence was presented that suggests that the circumstances surrounding the checkpoint had changed in the interval since the courts had repeatedly held that the checkpoint was the border's functional equivalent.

In the absence of such evidentiary suggestion sufficient to warrant a recharacterization of the checkpoint, on review the appellate court will not disturb the district court's taking judicial notice of the previously-proved status of the checkpoint as a functional equivalent of the border. *United States v. Dreyfus-de Campos, supra,* 698 F.2d at 229.

Therefore, finding no merit to the contention raised by the defendant on this appeal, we AFFIRM his conviction.

AFFIRMED.

---

1. *See United States v. Dreyfus-de Campos,* 698 F.2d 227, 229 (5th Cir.1983).

   We applied a tripartite test in determining functional equivalency: "relative permanence of the checkpoint; minimal interdiction by the checkpoint of the flow of domestic traffic; and the practical necessity of the substitution of the interior checkpoint for the border in order to monitor international traffic." *United States v. Reyna,* 572 F.2d 515, 517 (5th Cir.1978).